UNITED STATES of America, Appellee,

v.

Timothy Dean HAS NO
HORSE, Appellant.

No. 93–1183.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1993.

Decided Dec. 6, 1993.

John K. Nooney, Rapid City, SD, argued, for appellant.

Diana Ryan, Asst. U.S. Atty., Rapid City, SD, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Timothy Dean Has No Horse appeals from a final judgment entered in the District Court for the District of South Dakota, upon a jury verdict, finding him guilty of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c), and sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). The district court sentenced appellant to 168 months imprisonment, 3 years supervised release and a special assessment of $100.00. For reversal, appellant argues the district court erred in admitting evidence of other crimes pursuant to Fed.R.Evid. 404(b).[1] For the reasons dis-

---

1. Appellant also argues the evidence was insufficient to support the jury verdict and the district court improperly limited cross-examination of the victim and other witnesses about the victim's psychological history, prescription medication and sexual experience. Because we would not remand the case for new trial absent evidence sufficient to establish guilt beyond a reasonable doubt, we have reviewed the sufficiency of the evidence. However, we do not reach the limitation of cross-examination issues.

cussed below, we agree with appellant's argument and, accordingly, reverse the conviction and remand the case to the district court for a new trial.

This case was prosecuted in federal district court because appellant is an enrolled member of the Oglala Sioux Tribe and the criminal offenses charged took place in Potato Creek, South Dakota, a community located within the boundaries of the Pine Ridge Indian Reservation. 18 U.S.C. §§ 1153, 3242.

In May 1991 the victim was 11 years old and living with her aunt and uncle in Potato Creek. Appellant's mother also lived in Potato Creek and appellant, who was then a college student, spent part of the summer of 1991 living with his mother in Potato Creek. The victim testified that she met appellant at a party and that late one night in May 1991 she went to appellant's house and knocked on his bedroom window. The victim testified that appellant let her in the house, they went to his bedroom where she voluntarily engaged in sexual intercourse with appellant, and then she left appellant's house when it was still dark.

The victim also testified that during the night of July 15, 1991, she was sleeping when appellant woke her up and invited to her to go to a party with him at a neighbor's house. The victim testified that they went to the party and that at the party she sat on appellant's lap and appellant kissed her in front of other guests. Several witnesses testified that they saw appellant and the victim together at this party; the host of the party testified that he told appellant that the victim was too young for him and told them to leave his house. Appellant and the victim left the party and went to appellant's house where the victim voluntarily engaged in sexual intercourse with appellant.

In the meantime the victim's aunt and uncle had discovered that the victim was not asleep in her bed and began looking for her. The uncle's brother testified that appellant had visited the house earlier and had asked to see the victim. The victim's aunt and uncle were unable to find her and called the police to report a missing child. The uncle told the police that he suspected the victim was with appellant and that they might be at the neighbor's party. The host of the party told the police that the victim and appellant had been there earlier but that they had left. The police then went to appellant's house. Appellant's mother answered the door. Appellant told the police that he had not been with the victim that night and that she was not in the house.

The victim testified that she became frightened when appellant's mother told her that the police were looking for her and that she hid under a bed in appellant's mother's bedroom. Appellant's mother allowed the police to search the house for the victim, but the police evidently did not search for her in appellant's mother's bedroom. The victim ran home after the police left. Her aunt and uncle were waiting for her outside their house. The victim initially told her aunt and uncle that she had been at the water tower all night. The water tower is a popular gathering place for local young people. The uncle did not believe the victim's story, and the victim admitted that she had been at appellant's house and that she had been hiding under the bed when the police were looking for her.

The government charged appellant with one count of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c) for the May 1991 incident (when the victim was 11 years old) and one count of sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) for the July 1991 incident (when the victim was 12 years old). Appellant testified and denied any sexual conduct with the victim. On rebuttal, two teen-aged girls testified that during May 1991 appellant had made sexual advances toward them. The district court denied appellant's motion for judgment of acquittal. The jury found appellant guilty on both counts. The district court sentenced appellant to 168 months imprisonment, 3 years supervised release and a special assessment of $100.00. This appeal followed.

For reversal, appellant challenges the sufficiency of the evidence, the limitation of cross-examination and the admission of other crimes evidence. For the reasons discussed below, we hold that the district court erred in admitting the other crimes evidence and re-

verse the conviction and remand the case for a new trial on that ground. We also address the sufficiency of the evidence issue only because, absent evidence sufficient to establish guilt beyond a reasonable doubt, we would reverse the conviction and would not remand the case for a new trial. We do not discuss the limitation of cross-examination issue.

OTHER CRIMES EVIDENCE

On rebuttal, the district court permitted the government to call two teen-aged girls who testified that appellant had made sexual advances toward them in May 1991. The district court concluded that the evidence was admissible as evidence of other crimes pursuant to Fed.R.Evid. 404(b) [2] on the issues of intent, knowledge and common scheme or plan. The district court also gave a cautionary instruction to the jury limiting the relevance of the other crimes evidence.

For reversal, appellant argues the admission of this other crimes evidence prejudiced his right to a fair trial. He argues the other crimes evidence was not relevant to intent, knowledge or common scheme or plan and was relevant only to credibility and propensity to commit the crimes charged, purposes for which other crimes evidence is not admissible. We agree.

 We review the admissibility of evidence under the abuse of discretion standard. Other crimes evidence must be relevant to a material issue, similar in kind and reasonably close in time to the crime charged, proved by a preponderance of the evidence, and its probative value must not be outweighed by its prejudicial impact. *See, e.g., Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *United States v. Fawbush*, 900 F.2d 150, 151 (8th Cir.1990); *United States v. Estabrook*, 774 F.2d 284, 287 (8th Cir.1985). In the present case, we do not believe that the admission of the two girls' testimony served any of the purposes permissible under Fed.R.Evid. 404(b). Their testimony that appellant had made sexual advances toward them was relevant to appellant's credibility and his intent, knowledge and scheme or plan with respect to the crimes for which he was charged but only insofar as those acts tended to show a propensity to commit such acts. Rule 404(b) flatly prohibits the admission of other crimes evidence for this purpose. *United States v. Fawbush*, 900 F.2d at 151 (testimony of adult daughters that father had sexually abused them as children held inadmissible as other crimes evidence in father's trial for sexual abuse of day care children; other crimes were also not reasonably close in time to crime charged, and evidence of incest and pregnancy was inflammatory).

In light of the relevance and prejudicial impact of other crimes evidence in the present case, we cannot say that the admission of the other crimes evidence was harmless error. Accordingly, we reverse the conviction and remand the case to the district court for a new trial.

SUFFICIENCY OF THE EVIDENCE

Appellant also argues the evidence was insufficient to establish guilt beyond a reasonable doubt because the victim's testimony about the incidents was inconsistent with the statements she made to her aunt and uncle and to investigators, particularly with respect to the exact date of the May 1991 incident, and the government's other witnesses were unable to corroborate the victim's testimony. We address this issue only because, if the evidence was not sufficient to establish guilt beyond a reasonable doubt, we would reverse the conviction and would not remand the case for a new trial.

In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the jury verdict and accept all reasonable inferences from the evidence which tend to support the jury ver-

---

2. Fed.R.Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

dict. *E.g., United States v. Possick,* 849 F.2d 332, 335 (8th Cir.1988); *United States v. Wajda,* 810 F.2d 754, 761 (8th Cir.), *cert. denied,* 481 U.S. 1040, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987). The question we must answer is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

We have reviewed the record, without considering the other crimes evidence, and hold there was substantial evidence to support the jury verdict. As noted above, this trial was essentially a matter of credibility—the victim testified that she and appellant engaged in sexual intercourse on two occasions in May 1991 and July 1991; appellant denied any intimate or sexual conduct with the victim. Defense counsel emphasized to the jury the inconsistencies between the victim's testimony and her statements to the investigators and others about the incidents and her relationship with appellant. The credibility of witnesses and the weight to be given to the testimony of a witness are matters for the jury to decide. *E.g., United States v. Azure,* 801 F.2d 336, 340 (8th Cir. 1986). Here, the jury believed the victim's version of the incidents and discredited appellant's denials. The government's other witnesses were not able to corroborate the incidents of sexual intercourse, but they did testify that appellant and the victim had attended parties together, where the victim had been seen sitting on appellant's lap and the couple had been seen kissing. This testimony contradicted appellant's testimony denying any intimate or sexual conduct with the victim.

Accordingly, the judgment of conviction is reversed and the case is remanded to the district court for a new trial.

HANSEN, Circuit Judge, concurring in the result.

I concur in the result.