UNITED STATES of America,
Plaintiff–Appellee

v.

Martez Deroy SMITH, Defendant–
Appellant.

No. 94–3303.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1995.

Decided March 17, 1995.

Rehearing Denied May 4, 1995.

Gary L. Robinson, Cedar Rapids, IA, argued, for appellant.

Daniel Tvedt, Cedar Rapids, IA, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and MURPHY, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Martez Deroy Smith appeals from his conviction following a jury trial for two violations of 18 U.S.C. § 922(g), felon in possession of a firearm and ammunition. The district court[1] sentenced Smith to 120 months of imprisonment. On appeal, Smith contends that: (1) the admission of evidence of Smith's prior bad acts, introduced during the Government's case in chief, constituted error; (2) the admission of evidence regarding crack cocaine was unduly prejudicial; (3) insufficient evidence exists to sustain his conviction; and (4) his minor participation in the offense

---

1. The Honorable Michael J. Melloy, United States District Court for the Northern District of Iowa.

entitled him to a reduction of his sentence. For the reasons that follow, we affirm.

## I. BACKGROUND

On December 14, 1993, just after 11:00 p.m., Jason Moore, driving a blue Monte Carlo, picked up Smith in front of the West Coast Connection, a bar in Waterloo, Iowa. The Waterloo police were looking for Moore because earlier that day he allegedly entered a store and threatened an employee with a handgun.

Waterloo police officers Scott Pagel and Michael Wheaton spotted Moore's blue Monte Carlo and stopped the vehicle. As both officers approached, Moore exited the car from the driver's side. The officers observed Smith lean forward in his seat as though he might be hiding an object, and the officers also noticed a large knife, in plain view, on the driver's side floor. After arresting Moore, the officers removed Smith from the vehicle and searched the car. The search revealed a 9mm semi-automatic handgun, a clip containing ammunition, and a baggie containing nine pieces of crack cocaine. Smith was then also arrested and transported to Blackhawk County jail. At the jail, the police searched Smith and found a baggie of marijuana and one rock of crack cocaine in his pockets.

On March 21, 1994, Smith and Moore were each charged with two violations of 18 U.S.C. § 922(g), felon in possession of a firearm and ammunition. Prior to trial, Moore pleaded guilty to the possession of ammunition charge and, at trial, testified against Smith.

Moore testified that Smith entered his car just before the police stopped his car and that Smith handed him the ammunition clip before either of them saw the police. When Moore and Smith saw the police behind them, Moore testified that Smith hid the crack cocaine and the gun in the car, while Moore hid the clip.

In the Government's case in chief, Officer Pagel testified, over objections as to relevancy and undue prejudice, about his previous arrest of Smith on July 31, 1993. At that time, the officer stopped Smith for a traffic violation and found a loaded .357 Magnum in the car. On the ground outside the vehicle, the officer found a baggie containing ten rocks of crack cocaine.

Smith, thereafter, took the stand in his own defense, denied possession of the firearm, and attributed the possession solely to Moore. During cross-examination of Smith, the Government brought out evidence disclosing that Smith had several prior felony convictions, including a 1993 conviction for possession of a firearm apparently as a result of the July 31, 1993 arrest. The jury returned a verdict finding Smith guilty of both counts charged.

Smith then filed a motion for judgment of acquittal and for a new trial contending: (1) that the district court erroneously admitted evidence pursuant to Federal Rules of Evidence 403 and 404(b) of Smith's prior bad acts; (2) that the district court erroneously admitted character evidence under Federal Rule of Evidence 608(b); and (3) that the district court erroneously admitted evidence regarding drugs in this case. The district court denied Smith's motion.

At the sentencing hearing, the district court determined that the adjusted offense level was 24, criminal history category VI, with a sentencing range of 100 to 120 months. The district court sentenced Smith to a term of 120 months imprisonment, to be served concurrently with an undischarged term of imprisonment imposed in state court, a term of three years supervised release, and a special assessment of fifty dollars. Smith appeals.

## II. DISCUSSION

■ Smith argues that the district court committed error in allowing evidence of prior bad acts to be admitted into evidence at trial, in violation of Federal Rule of Evidence 404(b). Specifically, Smith objects to the admission of Officer Pagel's testimony in the Government's case regarding Smith's arrest for possession of a firearm and for possession of cocaine base on July 31, 1993. Following this testimony, the district court instructed the jury that the evidence could be used only for the limited purpose of determining any issues of mistake and knowledge by Smith.

■ We review the admissibility of other crimes evidence under the abuse of discretion standard. *United States v. Has No Horse,* 11 F.3d 104, 106 (8th Cir.1993). The admissibility of other crimes evidence is governed by Fed.R.Evid. 404(b), which provides:

**(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, . . . .

■ Pursuant to our interpretation of Rule 404(b), other crimes evidence is admissible if it is: " '(1) relevant to a material issue; (2) of crimes similar in kind and reasonably close in time to the crime charged; (3) sufficient to support a jury finding that the defendant committed the other crimes; and (4) more probative than prejudicial.' " *United States v. Sykes,* 977 F.2d 1242, 1246 (8th Cir.1992) (quoting *United States v. Yerks,* 918 F.2d 1371, 1373 (8th Cir.1990)). Other crimes evidence, however, is not admissible if it tends to prove only the defendant's criminal disposition. *Sykes,* 977 F.2d at 1246.

This case presents a close question of whether the evidence in the Government's case concerning Smith's arrest for possession of a firearm and for possession of cocaine base on July 31, 1993 served any of the permissible purposes under Rule 404(b). At trial, the only issue was whether Smith had possession of the 9mm handgun and ammunition based on the testimony of Moore. Evidence regarding Smith's prior arrest for possession of a firearm and for possession of cocaine base on July 31, 1993 in this case tends to show Smith's criminal disposition and his propensity as a felon to carry firearms.

Nevertheless, if the admission of that testimony be deemed error as not proper 404(b) evidence, such error is harmless within the context of this case. *Cf. United States v. Nichols,* 808 F.2d 660, 663 (8th Cir.), *cert. denied,* 481 U.S. 1038, 107 S.Ct. 1976, 95 L.Ed.2d 816 (1987). In this case, it is obvious that the determination of whether Smith had possession of the 9mm handgun and ammunition hinged on whether the jury believed either Moore's testimony or Smith's testimony. Moore testified that Smith possessed both the 9mm handgun and the ammunition. Smith's only defense to this undisputed evidence presented in the Government's case required him to take the stand and deny that he was in possession of the firearm and ammunition.

Once Smith took the stand, even in his own defense, the Government could properly introduce evidence of his prior convictions to impeach Smith's testimony pursuant to Fed.R.Evid. 609. Thus, the Rule 404(b) evidence objected to in the Government's case was reintroduced in substance as evidence of prior convictions under Fed.R.Evid. 609. Thus the earlier admission of this testimony, if error, was harmless. Smith was bound to take the stand to dispute Moore's version, thus the jury in this case would hear the other crimes evidence in any event.

■ Smith also contends that the district court abused its discretion in admitting into evidence the crack cocaine seized during his arrest. The district court did not abuse its discretion in admitting the drugs into evidence because the drugs were evidence closely and integrally related to the issue of possession of the firearm. *United States v. Simon,* 767 F.2d 524, 526 (8th Cir.), *cert. denied,* 474 U.S. 1013, 106 S.Ct. 545, 88 L.Ed.2d 474 (1985).

■ Additionally, Smith argues that the district court erred in denying his motion for judgment of acquittal because the Government introduced insufficient evidence to support the jury's verdict. Smith contends that the only person testifying that Smith possessed the gun and ammunition was Moore who suffers from a bipolar depressive disorder, had not taken his medication for the condition for over a week, and had smoked crack on the night of the alleged incident. These claims address credibility of the evidence not its admissibility. The jury could credit the Moore evidence and obviously did.

■ In determining whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the verdict and accept all reasonable inferences

tending to support the verdict. *E.g., Has No Horse,* 11 F.3d at 106. We will uphold a verdict if a reasonable-minded jury could find guilt beyond a reasonable doubt, even if the evidence does not exclude all other possibilities. *United States v. McMurray,* 34 F.3d 1405, 1412 (8th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1164, 130 L.Ed.2d 1119 (1995). Here, substantial evidence supports the jury verdict that Smith unlawfully possessed a firearm and ammunition on December 14, 1993.

■ Finally, Smith argues that the district court erred in denying his request for a reduction in his base offense level because his role in the offense qualified him as a minor participant pursuant to U.S.S.G. § 3B1.2. Smith contends that the district court failed to consider the relevant conduct of all of the participants, specifically the conduct of Jason Moore.

■ A district court's determination of whether a defendant is a minor participant in a offense pursuant to U.S.S.G. § 3B1.2 may only be reversed if it is clearly erroneous. *United States v. Westerman,* 973 F.2d 1422, 1428 (8th Cir.1992). A finding is considered clearly erroneous when, although there is evidence to support it, after reviewing the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Id.*

The evidence supports the district court's denial of Smith's request for a minor participant reduction because it shows that Smith was equally as culpable as Moore and was "deeply involved" in the offense. *United States v. West,* 942 F.2d 528, 531 (8th Cir. 1991) (quoting *United States v. Rexford,* 903 F.2d 1280, 1282–83 (9th Cir.1990)).

## III. CONCLUSION

Accordingly, we affirm Smith's conviction and the sentence of 120 months of imprisonment.