_____

No. 95-3365
_____

United States of America,        *
                                  *
        Appellee,          *
                                  *  Appeal from the United States
    v.                    *  District Court for the
                                  *  Eastern District of Missouri.
Shirley Mora,              *
                                  *
        Appellant.        *

_____

Submitted:  March 12, 1996

Filed:  April 19, 1996
_____

Before MAGILL, FLOYD R. GIBSON, and HEANEY, Circuit Judges.

_____

MAGILL, Circuit Judge.

Shirley Mora appeals her conviction on four counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342, arguing that the district court[1] abused its discretion in allowing the government to present "other crimes" evidence.  We affirm.

**I.**

In December 1988, Mora's father passed away, leaving Mora an estate which included a house on Red Bud Drive in Pacific, Missouri.  The house, valued at $159,000, was insured against fire loss by the Safeco Insurance Company of America (Safeco).  On

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

April 2, 1993, the house was destroyed by fire.

Mora submitted claims to Safeco for the loss of the house and its contents in the amount of $211,720.75.[2]  Safeco denied her claims, and on January 4, 1994, she brought an unsuccessful civil suit against Safeco to recover her losses.

On February 2, 1994, Mora was indicted by a federal grand jury on four counts of mail fraud.  While the indictment alleged that the fire that destroyed Mora's house had been set, it did not allege that Mora had set the fire or caused it to be set, and arson was not directly at issue in any of the four counts.  The indictment did allege that, as part of an elaborate scheme to defraud Safeco, Mora knowingly made a host of misrepresentations to Safeco.  First, although Mora did not live at the Red Bud Drive residence, a requirement for coverage under the Safeco policy, she informed Safeco that she did.  To bolster her claim that the fire had displaced her, Mora also rented a hotel room, and later a temporary apartment and furniture.  Finally, because the Safeco policy further limited coverage to Mora's personal property, Mora claimed that the personal property of acquaintances, who were residing at the Red Bud Drive house, actually belonged to her.

Prior to trial, Mora filed a motion in limine to exclude evidence of arson, which was denied by the district court.  During the course of the trial, Mora made ongoing objections to evidence regarding the cause of the fire and her knowledge of the arson.  Mora's objections were overruled by the district court, and the government introduced evidence that the fire had an incendiary cause, that Mora had experienced financial distress prior to the arson, creating a motive for fraud, and that Mora had known that

---

[2]This figure was later increased to $238,556.75.

the arson was to occur.[3]  Following a jury trial, Mora was convicted of all four counts of mail fraud, and she was sentenced to twenty-seven months imprisonment for each count, to run concurrently.

Mora brings this timely appeal, arguing that Federal Rules of Evidence 403 and 404 should have prevented the government from introducing evidence of arson and Mora's foreknowledge of the arson, because the evidence was irrelevant and prejudicial.

**II.**

We review the district court's admission of other crimes evidence for abuse of discretion.  See United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995).  The admissibility of other crimes evidence is governed by Federal Rule of Evidence 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

We have crafted a four-part test to determine if other crimes evidence is admissible under Rule 404(b).  Such evidence is admissible when: (1) the evidence of the bad act or other crime is relevant to a material issue raised at trial; (2) the bad act or crime is similar in kind and reasonably close in time to the crime

---

[3]For example, the government introduced evidence that accelerants had been used at the fire scene, that Mora had lost a large amount of money on bad investments and had repeatedly tried, unsuccessfully, to sell the Red Bud Drive property, and that, immediately before the fire, Mora arranged to fly to Texas to visit her daughter, stayed several days, and flew back to Missouri immediately after the fire.

charged; (3) there is sufficient evidence to support a finding by the jury that the defendant committed the other act or crime; and (4) the potential prejudice of the evidence does not substantially outweigh its probative value. United States v. DeAngelo, 13 F.3d 1228, 1231 (8th Cir.), cert. denied, 114 S. Ct. 2717 (1994); see also United States v. Mejia-Uribe, 75 F.3d 395, 397-98 (8th Cir. 1996); Smith, 49 F.3d at 478. All of these factors have been met in this case.

## A. Relevance

Relevance of evidence "is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question." United States v. Casares-Cardenas, 14 F.3d 1283, 1287 (8th Cir.) (construing Federal Rule of Evidence 401), cert. denied, 115 S. Ct. 147 (1994). For a jury to decide if Mora had intended to "devise [a] scheme or artifice to defraud" her insurance company, 18 U.S.C. § 1341, it is highly relevant whether the fire was a serendipitous accident, or whether it was a planned event. If Mora knew that the fire was to take place, her misrepresentations to Safeco were more likely intentional and part of a coordinated plan, rather than inadvertent, isolated misstatements.

## B. Closeness in time and similarity

Although Mora apparently concedes that the arson and mail fraud occurred closely together in time, see Appellant's Br. at 18, she asserts that "the offenses are not similar." Id. For this evidence to be admissible, however, the prior acts "need not be duplicates of the one for which the defendant is now being tried," United States v. Lloyd, 71 F.3d 1256, 1265 (7th Cir. 1995) (quotations and emphasis omitted) (evidence that defendant had been target of assassination attempts relevant to his motive to possess firearms), because the "admissibility of other crimes evidence

-4-

depends on the nature and purpose of the evidence." <u>Mejia-Uribe</u>, 75 F.3d at 398. Here, evidence that Mora withheld information about arson from Safeco is sufficiently similar to the charge that she misrepresented her claims to Safeco to help prove her intent to defraud, and satisfies this prong of the test.

## C. Sufficient evidence

While conceding that "from the evidence, it was reasonable to conclude that arson caused the fire," Appellant's Br. at 16, and complaining that the "sheer voluminosity of [evidence of arson] was overwhelmingly persuasive and convincing that someone was guilty of the horrible crime of arson, and that someone was Shirley Mora," Appellant's Reply Br. at 7, Mora nevertheless argues that "the government did not offer any evidence which indicated that Appellant participated in the offense of arson." Appellant's Br. at 17.

Mora was not indicted for the crime of arson, however, and the government never set out to prove that she was guilty of arson. Rather, to prove that Mora had committed mail fraud, the government introduced other crimes evidence that Mora knew that her house was to be destroyed by arson. For this evidence to be relevant, the government had the burden of proving, by a preponderance of evidence, that Mora had this foreknowledge of arson. See <u>Huddleston v. United States</u>, 485 U.S. 681, 690 (1988) (burden of proof). The government met this burden, most significantly by introducing evidence that Mora, prior to the arson, had arranged to be in Texas from March 30, 1993, until April 4, narrowly bracketing the arson date of April 3. The government's post-arson evidence, showing the extent to which Mora immediately attempted to misrepresent her losses to Safeco, also tended to prove a well-developed plan based on foreknowledge of the arson.

## D. Prejudice

Finally, Mora argues that evidence of arson and her knowledge of arson was unduly prejudicial, and was inadmissible under both Federal Rules of Evidence 404(b) and 403.  We disagree.  This Court has "held that the jury in a criminal case is entitled to know about the context of a crime and any events that help explain the context."  DeAngelo, 13 F.3d at 1232.  As noted above, the evidence admitted was highly relevant to the context of Mora's commission of mail fraud.  While we agree with Mora that arson is a "heinous[,] . . . egregious and abhorrent" crime, Appellant's Br. at 22, we do not believe that its unfairly prejudicial impact, if any, "substantially outweighed" its relevance in this case.  See Fed. R. Evid. 403.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-