# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1516

_____

| | | |
|---|---|---|
| James Rogers; Perry Shipes, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas |
| Allstate Insurance Company, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted:   October 7, 2002

Filed:   October 10, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

James Rogers and Perry Shipes appeal from the final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict in favor of Allstate Insurance Company, in this action by Rogers and Shipes to recover insurance proceeds for a rental house destroyed in a February 2000 fire. For reversal, appellants argue (1) the district court erred in admitting testimony and evidence relating to a previous fire, (2) the district court erred in admitting testimony and evidence relating

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

to a canine trained to detect the presence of flammable substances as that evidence did not meet the standards of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), and (3) there was not substantial evidence to support the verdict. For the reasons discussed below, we affirm the judgment of the district court.

The district court did not abuse its discretion in admitting testimony and evidence about the previous fire. See United Fire & Cas. Co. v. Historic Pres. Trust, 265 F.3d 722, 726 (8th Cir. 2001) (standard of review). This evidence was relevant to show motive, opportunity, and intent, as well as familiarity with insurance claims and recovery. Ample evidence was presented comparing the similarities in the two fires, which occurred thirteen months apart, and the evidence was sufficient to support a conclusion that Rogers and Shipes were responsible for the first fire. Further, the probative value of this evidence was not outweighed by its prejudicial effect. See Fed. R. Evid. 404(b); United States v. Mora, 81 F.3d 781, 783 (8th Cir.), cert. denied, 519 U.S. 950 (1996); cf. Westfield Ins. Co. v. Harris, 134 F.3d 608, 614-15 (4th Cir. 1998) (reversing district court's exclusion of evidence).

Likewise, the district court did not abuse its discretion in admitting evidence relating to the canine. First, there is no evidence in the record on appeal that the Daubert issue was actually raised before the district court. See United States v. Waters, 194 F.3d 926, 931 (8th Cir. 1999) (refusing to consider Daubert challenge because it was not raised in district court). In any event, testimony from two fire investigators about the burn patterns was sufficient to support a conclusion that the cause of the February 2000 fire was the dispersal of a flammable substance. See McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1405-06 (8th Cir. 1994) (reversal not required when erroneous admission of evidence is harmless; harmful effect of improperly admitted evidence is reduced where there is substantial evidence in the record beyond evidence improperly admitted to support jury's verdict).

Finally, in diversity cases, we apply state law in reviewing the sufficiency of the evidence. See Burke v. Deere & Co., 6 F.3d 497, 511 (8th Cir. 1993), cert. denied, 510 U.S. 1115 (1994). There was substantial evidence to support the jury's verdict that either Rogers or Shipes intentionally set, or caused to be set, the fire at issue. See Harris v. Zurich Ins. Co., 527 F.2d 528, 530-31 (8th Cir. 1975); Wal-Mart Stores, Inc. v. Lee, 348 Ark. 707, 74 S.W.3d 634, 643-44 (2002) (standard of review).

For the foregoing reasons, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-