# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2653

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Terrell Reid, also known as Tall T, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 15, 2009
Filed: October 20, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Terrell Reid appeals the district court's[1] judgment after a jury found him guilty of conspiring to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack cocaine) and more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and distributing more than 5 grams of crack cocaine on June 22 and again on June 27, 2005, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Reid's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the delay between Reid's initial

_____

[1]The Honorable Stephen N. Limbaugh, Senior, United States District Judge for the Eastern District of Missouri, now retired.

appearance and his jury trial violated both his statutory and constitutional speedy trial rights, and that the district court erred in excluding evidence of prosecution witness LaFranz Wilson's prior conviction. Reid has filed a pro se brief, in which he argues additionally that he was prejudiced by his placement in solitary confinement prior to trial; that the district court should have stricken the testimony of witness Cecil Clay; and, as to sentencing, that the court erred in giving him a managerial-role enhancement and denying "safety valve" relief, that the drug amount was not proved at trial, and that his sentence should be reduced based on the disparity between penalties for crack and powder cocaine.

Counsel argues that because Reid was originally arraigned on the drug-distribution charges in another case, and 70 days had expired before the conspiracy indictment was filed in the instant case, his rights under the Speedy Trial Act were violated. Even if the Act was violated in the earlier case, however, that indictment was eventually dismissed without prejudice, which we conclude was an appropriate remedy for any violation, given the seriousness of the offense, the short length of the delay before Reid was indicted on the conspiracy charge, and the impact of reprosecution on the administration of justice. See 18 U.S.C. § 3162(a)(2) (factors to consider in determining whether to dismiss with or without prejudice); cf. United States v. Summage, 575 F.3d 864, 874 (8th Cir. 2009) (dismissal without prejudice for Speedy Trial Act violation was not erroneous where 187 non-excludable days passed before defendant filed motion to dismiss). We hold that the Speedy Trial Act was not violated in the instant case, as Reid consented to initially setting the trial outside the required time period due to the complexity of the case, Reid requested the later continuances in order to properly prepare for trial, and the court agreed that the continuances were necessary. See 18 U.S.C. § 3161(h)(7)(B) (factors judge must consider in determining whether to grant continuance). We also hold that Reid's speedy trial rights under the Sixth Amendment were not violated. Even if the delay before Reid's trial was presumptively prejudicial, see United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir.), cert. denied, 129 S. Ct. 747 (2008), the relevant factors weigh

against a violation:  Reid bears responsibility for the majority of the delay, as his counsel requested continuances for his benefit, and he failed to establish any prejudice from the delay, see Summage, 575 F.3d at 876.

Further, the district court did not abuse its discretion in excluding evidence of Wilson's prior conviction, which was more than 10 years old.  See Fed. R. Evid. 609(b) (conviction more than 10 years old is not admissible to attack witness's character or truthfulness unless court determines probative value substantially outweighs prejudicial effect); United States v. Has No Horse, 11 F.3d 104, 106 (8th Cir. 1993) (standard of review); United States v. Fallon, 348 F.3d 248, 254 (7th Cir. 2003) (legislative history of Rule 609(b) indicates convictions more than 10 years old will be admitted very rarely and only in exceptional circumstances).

We reject Reid's remaining pro se arguments:  Clay's credibility was for the jury to determine, see United States v. Foxx, 544 F.3d 943, 950 (8th Cir. 2008), cert. denied, No. 08-10424, 2009 WL 1390925 (Oct. 5, 2009); there is no indication that either Reid or his counsel complained in the district court that they were unable to communicate or adequately prepare for trial due to Reid's prison placement; the drug amount for which Reid was sentenced was proved through the trial testimony of Wilson and Chadwich Ellis; Reid agreed at sentencing that he was subject to an offense-level increase for a managerial role in the offense, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal); safety-valve relief is inapplicable, see 18 U.S.C. § 3553(f)(4); and the powder/crack cocaine penalty disparity has no bearing here because Reid was sentenced based on the amount of powder cocaine for which he was responsible.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, the judgment

is affirmed.  We also grant counsel's motion to withdraw and deny Reid's motion for substitute counsel.

_____