Wu v. Garland

BIA
Barcus, IJ
A209 159 958/961

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty-three.

PRESENT:
>  DENNY CHIN,
>  MICHAEL H. PARK,
>  BETH ROBINSON,
>  *Circuit Judges.*

_____

JIAXIONG WU, MEIYING CHEN,
>  *Petitioners,*

>  v.                                                   **20-1977**
>                                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONERS:              Keith S. Barnett, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sarai M. Aldana, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioners Jiaxiong Wu and Meiying Chen, natives and citizens of the People's Republic of China, seek review of a May 26, 2020 decision of the BIA affirming a July 3, 2018 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiaxiong Wu, Meiying Chen*, Nos. A 209 159 958/961 (B.I.A. May 26, 2020), *aff'g* Nos. A 209 159 958/961 (Immig. Ct. N.Y.C. July 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the IJ's reliance on an omission in a supporting letter. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v.*

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

Wu and Chen, husband and wife, alleged that Chinese authorities searched

3

for them because they fled from a raid on the house church they attended. The agency reasonably relied on discrepancies between statements Wu and Chen made during their credible fear interviews and their hearing testimonies regarding whether Chen was present during the police raid, whether Wu was harmed during the raid, and when Chen joined Wu in hiding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Wu and Chen challenge the admission of the interview records at the hearing and the Department of Homeland Security's failure to call the interviewing officers to testify, but did not exhaust their challenge to the admission of the records before the BIA or ask to examine the officers at the hearing. Thus, the issue is not properly before this Court. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) ("[U]sually . . . issues not raised to the BIA will not be examined by the reviewing court."); *Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ.").

To the extent Petitioners challenge the reliability of Chen's interview, it bears sufficient indicia of reliability because the interview was memorialized in a typed list of questions and answers, the interviewer asked follow-up questions designed to elicit an asylum claim, Chen did not appear reluctant to reveal

4

information, and she confirmed that she understood the interpreter and the questions asked. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (identifying factors for determining reliability of credible fear interviews). While Chen points to one response that indicates there may have been a translation error or some confusion about what question was asked, the question was repeated and she provided a responsive answer.

Petitioners also contend that the agency incorrectly found that their statements were inconsistent. When the asylum officer asked Wu, "[W]hy did you come with your wife[?]," he responded, "[W]hen I was in hiding people came to my home to look for me so my wife was scared and she came with me." Certified Administrative Record ("CAR") at 296. The agency reasonably interpreted this statement as implying that Chen joined Wu in hiding after police came to their family home. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency was not compelled to credit Wu's later assertion that Chen was present given that he failed to mention her presence even when asked about other attendees. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to which of competing inferences to draw are entirely within the province of the [IJ]." (cleaned up)); *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) ("A petitioner must do more than

5

offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)).

Nor did the agency err in relying on Chen's differing descriptions of events as a basis for the adverse credibility findings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At her interview, Chen stated that she "ran away and left before anything happened" and that Wu had not been harmed. CAR at 706. But she testified at the hearing that she hid in a corner during the raid, saw house church members arguing with the police at the door, and then witnessed the police punching and kicking people until Wu ushered her out a back door. Wu, however, asserted that he was punched and kicked by police officers during the raid. Chen argues that she was nervous and her testimony was merely more descriptive than her interview. But we defer to the agency's inconsistency finding because it is a plausible interpretation of the facts given her statement at the interview that she left before anything happened. *See Siewe*, 480 F.3d at 167. Further, the agency was not compelled to accept her explanation that she was nervous at the interview. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005) (explaining that "an alien's mere recitation that [s]he was nervous . . . will not automatically prevent

6

the IJ and BIA from relying on [interview] statements . . . when making adverse credibility determinations").

Taken cumulatively, the inconsistencies between the interview statements and testimonies regarding the basis of the claim provides substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court