**UNITED STATES of America, Appellee,**

v.

**Ludger Vance CLEMENT, Appellant.**

**No. 84–5060.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1984.
Decided Oct. 31, 1984.

James H. Kaster, Minneapolis, Minn., for appellant.

Donald M. Lewis, Asst. U.S. Atty., Washington, D.C., for appellee.

Before ARNOLD, FAGG and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

Ludger Vance Clement stands convicted under 26 U.S.C. § 5861(d) of possessing a firearm not registered to him in the National Firearms Registration and Transfer Record. On appeal, Clement argues (1) that the seizure and admission into evidence of the firearm violated his fourth amendment rights because the search warrant contained a fatal defect, and (2) that certain instructions given by the trial judge to the jury were biased in favor of the

United States and denied Clement his right to a fair trial. We affirm.

On April 26, 1983, police officers executed a search warrant at the residence of Ludger Vance Clement. Although the warrant described the premises to be searched as that of "the apartment of Vance Clements, apartment No. 4 at 3300 Irvine Avenue," the officers in fact searched apartment 3 at that same address. Clement was the apartment manager and had previously lived in apartment 4 with his girlfriend, Karen Grotberg. When the warrant was issued, however, Clement was residing in apartment 3, an apartment adjacent to No. 4.

The warrant authorized the officers to search for an illegal listening device. According to Grotberg, the device had been installed by Clement in apartment 4 and was removed by him prior to execution of the warrant. When the officers arrived at the apartment building to execute the warrant, they immediately went to apartment 3, Clement's apartment. After knocking on the door for approximately fifteen minutes, they forced their way in and found Clement inside. While searching for the illegal listening device, the officers seized a .22 caliber sawed-off rifle that was in plain view.

■ Clement initially argues that the trial judge committed error in refusing to suppress the firearm because the warrant authorized a search of apartment 4, not apartment 3. The test for determining the sufficiency of a warrant description is "whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." *United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). Among the factors we have relied upon in upholding searches conducted under the authority of a warrant inaccurately describing the place to be searched are: (1) whether the address in the warrant, although incorrect, still describes the same piece of property; (2) whether the premises intended to be searched are adjacent to those described and are all under the control of the defendant; and (3) whether other parts of the description which are correct limit the place to be searched to one place. *Id.* Of particular importance in *Gitcho* was the fact that the agents personally knew which premises were intended to be searched. *Id.* at 372.

■ In the instant case, the search warrant named the correct street number. Officer Doyle testified that he had been to the apartment building several times before and knew where Clement's apartment was located. In fact, the day before the warrant was issued, Officer Doyle had talked with Grotberg and Clement separately in their respective apartments. Clement's apartment was adjacent to Grotberg's, and the warrant specifically named his residence. When the officers arrived to execute the warrant, they immediately went to Clement's apartment. Under these facts, there was no probability of a mistaken search, and we cannot conclude that the inaccurate address in the warrant should operate to invalidate the search.

Clement also challenges the jury instructions as biased in favor of the United States. Since Clement did not object until after the jury retired, the court cannot reverse unless there is plain error affecting substantial rights. *United States v. Van Horn*, 553 F.2d 1092, 1094 (8th Cir.1977).

■ Clement's defense was partially dependent upon discrediting Karen Grotberg's testimony. Consequently, testimony of several witnesses was introduced to show that a bitter dispute had arisen between Grotberg and Clement. In his instructions to the jury, the trial judge commented that while the testimony regarding family problems might reflect on the witness' credibility, the testimony should not distract the jury from the ultimate issue of whether the government had shown beyond a reasonable doubt that Clement had possessed the illegal firearm. "The funda-

mental principle circumscribing a judge's power to comment on the evidence is that the comment must serve to instruct and assist the jury in understanding the facts and issues in dispute." *United States v. Tello,* 707 F.2d 85, 90 (4th Cir.1983). Ideally, a judge's comments should aid the jury in "separat[ing] wheat from chaff," in "assign[ing] proper priorities to factual issues," and in "facilitat[ing] the application of law to factual findings." *Id.* The judge's comment in this case merely served to focus the jury's attention on the issue it necessarily had to resolve. We find no plain error.

■ Clement further argues that the trial court committed error when it instructed the jury on the distinction between possession and ownership and instructed that any evidence regarding Clement's non-ownership of the gun was not controlling on the issue of guilt. These instructions were an accurate statement of the law. *See United States v. Polk,* 574 F.2d 964, 965 (8th Cir.), *cert. denied,* 439 U.S. 849, 99 S.Ct. 150, 58 L.Ed.2d 151 (1978). We find no plain error in the instructions given.

Affirmed.