# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3623

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Janet J. Thomas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 16, 2001

Filed: August 24, 2001

_____

Before McMILLIAN, and BEAM, Circuit Judges, and KYLE,[1] District Judge.

_____

BEAM, Circuit Judge.

Appellant, Janet Thomas, appeals the denial of her motion to suppress evidence seized at her residence pursuant to a search warrant containing an incorrect address. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

## I.     BACKGROUND

On January 11, 2000, police officers searched appellant's apartment at 3202 South 62nd Street #22, Fort Smith, Arkansas (3202).  The warrant used by the officers contained an address previously occupied by the appellant, 3108 South 62nd Street, #2 (3108). The warrant contained no additional description of the place to be searched.

Over the course of several weeks prior to January 11, Officer Harris had been collaborating with a confidential informant (CI) conducting controlled buys of crack cocaine from the appellant and her boyfriend.  On January 2, 2000, Officer Harris prepared a search warrant for 3108 before sending the CI to that address to conduct a controlled buy from appellant's boyfriend.  Officer Harris decided not to use the search warrant that day because the CI did not observe any substantial amount of crack in the apartment.

Between January 2 and January 11, appellant and her boyfriend moved to 3202. Officer Harris was aware of this fact, and was surveilling the correct apartment while the CI conducted another controlled buy of crack cocaine at 3202.  The police decided to go forward with a search of 3202 on January 11. Harris prepared an affidavit, which included the proper address and a detailed description of the premises to be searched, in support of the search warrant.  However, Officer Harris used the warrant he had prepared on January 2 and forgot to update the address.

Then, as if auditioning for a law school fact pattern, neither the issuing judge, nor Officer Harris noticed that the warrant contained an address different from the address on the affidavit.  As a result, police searched the correct apartment at 3202 armed with a warrant authorizing them to search 3108.  There is no question that the officers searched the apartment they intended to search, as described in the affidavit supporting the search warrant.  They also had this apartment under surveillance while Officer Harris obtained the search warrant.  Finally, Officer Harris had personal knowledge of

-2-

which apartment was the intended target and led the search.

Appellant filed a motion to suppress the evidence obtained from the search on January 11, including inculpatory statements she made to officers. After a suppression hearing, the magistrate judge recommended denying the motion to suppress, and the district court[2] subsequently entered an order adopting the magistrate judge's report and denying the motion.

## II.    ANALYSIS

"We will uphold the district court's denial of a motion to suppress unless it rests on clearly erroneous findings of fact or reflects an erroneous view of the applicable law." United States v. Rogers, 150 F.3d 851, 855 (8th Cir. 1998).

### A.    Particularity

The Fourth Amendment states, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To satisfy the particularity requirement, the place to be searched must be "described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort" and to avoid mistakenly searching the wrong premises. United States v. Gitcho, 601 F.2d 369, 371 (8th Cir. 1979).

There can be no argument that the warrant in this case satisfied the particularity requirement. The warrant authorized a search for 3108 South 62nd Street, Apartment #2. This is most decidedly not 3202 South 62nd Street, Apartment #22, the location

---

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

actually searched. This erroneous address was the only information in the warrant identifying the location to be searched. There are several cases in this circuit finding the particularity requirement satisfied although the description on the search warrant in question was not entirely accurate. See Rogers, 150 F.3d at 855 (upholding search where warrant described route to the property in question but left out final turn onto property because warrant otherwise described property); United States v. Valentine, 984 F.2d 906, 909 (8th Cir. 1993) (finding a warrant sufficiently particular when it accurately described the target building, but listed the address as 3048 rather than 3050); Lyons v. Robinson, 783 F.2d 737, 738 (8th Cir. 1985) (upholding search conducted pursuant to warrant that contained an improper address, but reasonably applied to place searched) ; United States v. Clement, 747 F.2d 460, 461 (8th Cir. 1984) (finding a warrant valid when it listed the proper building number but the incorrect apartment number and the officer personally knew which apartment was target of search); Gitcho, 601 F.2d at 372 (upholding warrant where the listed address was incorrect but was reasonable description of unmarked building on unmarked street and searching officers had personal knowledge of place to be searched). None of these cases involved a warrant containing an obviously incorrect address standing alone.

Typically, a warrant that is not particular enough cannot be cured by the specificity of the affidavit supporting it. See United States v. Johnson, 541 F.2d 1311, 1315 (8th Cir. 1976). "Specificity is required in the warrant itself in order to limit the discretion of the executing officers as well as to give notice to the party searched." Id. However, if the affidavit is incorporated into the warrant, it may cure the particularity defect of the warrant if the affidavit accompanies the warrant and the warrant uses suitable words of reference to incorporate the affidavit. Id. Officer Harris' affidavit in support of his request for the warrant contained the correct address and a specific physical description of the target premises, but it was not incorporated into the warrant with suitable words of reference. Therefore, the affidavit did not cure the defective warrant.

## B. Objective Good Faith Exception

In <u>United States v. Leon</u>, the Supreme Court carved out a good faith exception to the exclusionary rule in Fourth Amendment cases. 468 U.S. 897 (1984). Reasoning that the exclusionary rule was a judicial remedy created to guard individual rights through its deterrent effect against police misconduct, the Court held that evidence should not be suppressed where police officers rely in reasonable good faith on a properly obtained warrant, that proves to be invalid. <u>Id.</u> at 906, 916, 920.

We have extended the holding of <u>Leon</u>, to uphold a search conducted pursuant to a warrant completely lacking a description of the premises to be searched. <u>United States v. Curry</u>, 911 F.2d 72 (8th Cir. 1990). <u>Curry</u> directly controls this case. There, due to a clerical error, the police conducted a search relying on a search warrant that did not contain any address or description of the place to be searched. <u>Id.</u> at 76. The application for the warrant and accompanying affidavit contained accurate and specific descriptions of the target location. <u>Id.</u> The court in <u>Curry</u> held, as we do today, that the warrant was facially invalid and that the affidavit was not incorporated into the warrant because the warrant lacked any suitable words of reference. <u>Id.</u> at 76-77.

Although <u>Leon</u> contains language suggesting that a warrant might be so facially invalid that no officer could have relied on it in good faith (and thus the good faith exception would not prevent suppression), 468 U.S. at 923, we held in <u>Curry</u> that this did not apply to every case where a warrant is found invalid on the ground that it is insufficiently particular. <u>Curry</u>, 911 F.2d at 77. Thus, although no officer could have reasonably believed the warrant in <u>Curry</u> described the premises to be searched, the court upheld the search on the <u>Leon</u> objective good faith rule.

There were several factors justifying application of the <u>Leon</u> exception to the exclusionary rule. First, the application and supporting affidavit both contained the correct address of the location to be searched. <u>Id.</u> at 78. Second, there was no evidence

-5-

of bad faith on the part of the officer obtaining the warrant.  Id.  Third, the search was executed by the same officer who had prepared the affidavit, all but eliminating the chance the wrong location would be searched.  Finally, the responsibility for this type of error in the warrant lies with the issuing judge.  Id.  Because the exclusionary rule was designed to deter officers (and would be ineffective against neutral judges), applying the rule in Curry would not have furthered the purpose of the rule.  Id.

The only difference between the present case and Curry is that here, the warrant contained an incorrect address while in Curry the warrant contained no address.  The above reasons justifying the decision in Curry apply with equal force to the present situation.  Appellant argues that the present case is distinguishable because a "mere reading of the warrant" would have revealed the error.  The same is true of the warrant in Curry.  Appellant also argues that in the present case the error on the face of the warrant was the error of Officer Harris.  It is true that Officer Harris made an error in this case by submitting the warrant prepared earlier with the incorrect address.  However, this is not sufficient to change the fact that the issuing judicial officer bears the primary responsibility for ensuring the accuracy of the warrant as the final reviewing authority.  Cf. id. at 78 ("'The responsibility for the inadvertent omission of the address on the warrant itself, must be borne by the [issuing official], as the final reviewing authority'") (quoting United States v. Bonner, 808 F.2d 864, 867 (1st Cir. 1986) (alteration in original).  We do not see a significant difference on the issue of responsibility for the error between the present case and Curry.

The fact that the warrant here contained an incorrect address, thus increasing the likelihood of searching the incorrect residence, does give us pause.  However, this increased danger was mitigated not only by the fact that Officer Harris, who had personal knowledge of the location to be searched, both obtained and executed the warrant, but also by the fact that the intended location was under surveillance while he secured the warrant.  See Gitcho, 601 F.2d at 372 (upholding search because, although warrant contained slightly incorrect address, agent executing warrant personally knew

which premises to search and premises were under constant surveillance while warrant was obtained).

Appellant argues that the good faith exception should not apply because the issuing judge abandoned his neutral role and just acted as a rubber stamp, evidenced by the fact that the error was so obvious. The district court found the issuing judge had not abandoned his neutral role, and that conclusion was not clearly erroneous.

## III.   CONCLUSION

Accordingly, we affirm the decision of the district court.

KYLE, District Judge, dissenting.

I respectfully dissent. While I agree with the majority that the warrant Officer Harris executed was defective, I disagree with the majority's view that United States v. Curry, 911 F.2d 72 (1990), "directly controls this case." Evaluating this case against the standard articulated in what seems to be a more apposite case, United States v. Clement, 747 F.2d 460 (8th Cir. 1984), I can only conclude that, under the totality of the circumstances, Officer Harris did not act in "objectively reasonable reliance on a subsequently invalidated warrant." United States v. Leon, 468 U.S. 897, 922 (1984). Indeed, Officer Harris does not appear to have relied on the warrant at all.

The facts of this case do not fit the pattern presented in Curry, in which a detective entered and searched a private residence with a warrant that had no address -- no particularized description of the place to be searched. Given the fact that the warrant was plainly deficient on its face, this Court analyzed the Supreme Court's decision in United States v. Leon and concluded that, depending on the circumstances of the case, Leon's "good faith" exception might apply even "where a warrant is found invalid on the ground that it is insufficiently particular." Curry, 911 F.2d at 77

(emphasis added).

In this case, as the majority has observed, the warrant Officer Harris obtained satisfied the Fourth Amendment's particularity requirement. Here, the problem is that the place the warrant authorized to be searched -- 3108 South 62nd Street, Apartment # 2 -- is not the place the officers intended to and actually did search -- 3202 South 62nd Street, Apartment # 22. This Court has squarely addressed the problem of a warrant that <u>inaccurately</u> describes the place to be searched in <u>Clement</u>. There, the officers obtained a warrant to search "the apartment of Vance Clements, apartment No. 4 at 3300 Irvine Avenue." <u>Clement</u>, 747 F.2d at 461. Clement, the apartment manager, had been living in apartment No. 4 but, at the time the warrant issued, was living in apartment No. 3, adjacent to No. 4. <u>Id.</u> When the officers came to execute the warrant, they immediately went to apartment No. 3, having been there the day before. <u>Id.</u> Upon entering, they seized a firearm in plain view. <u>Id.</u> Clement moved to suppress the gun because the warrant authorized a search of apartment 4, not apartment 3. <u>Id.</u>

This Court identified several factors it had "relied upon in upholding searches conducted under the authority of a warrant inaccurately describing the place to be searched," <u>id.</u>, including

> (1) whether the address in the warrant, although incorrect, still describes the same piece of property; (2) whether the premises intended to be searched are adjacent to those described and are all under the control of the defendant; and (3) whether other parts of the description which are correct limit the place to be searched to one place.

<u>Id.</u> Also noted as being of particular importance from an earlier decision was the fact that the agents personally knew which premises were intended to be searched. <u>Id.</u> (citing <u>United States v. Gitcho</u>, 609 F.2d 369, 372 (8th Cir.), <u>cert. denied</u>, 444 U.S. 871 (1979)).

Applying the <u>Clement</u> factors to this case, it is evident that the inaccuracies in the warrant at issue here are far more glaring than those in <u>Clement</u>. There is no question that the address "3108 South 62nd Street, Apartment # 2" does not describe the same piece of property as "3202 South 62nd Street, Apartment # 22." Nor does it appear that 3108 South 62nd Street, Apartment # 2 is adjacent to 3202 South 62nd Street, Apartment # 22, certainly not in the way that apartment No. 3 was adjacent to apartment No. 4 in <u>Clement</u>. The evidence indicates that the apartment actually described in the warrant was no longer under the defendant's control; indeed, the defendant had moved from that address and no longer resided there. Finally, no other part of the description in the warrant was correct. Thus, none of the factors outlined in <u>Clement</u> supports upholding the search in this case.

That leaves only the fact that Officer Harris personally knew which premises were to be searched. In the analyses of whether the "good faith" exception applied in <u>Gitcho</u>, <u>Clement</u>, and <u>Curry</u>, it was important that the officer who directed the search had also prepared the application because "it is appropriate to take into account the knowledge that an officer in the searching officer's position would have possessed." <u>See</u> <u>Curry</u>, 911 F.2d at 78 (citing <u>Massachusetts v. Sheppard</u>, 468 U.S. 981, 989 n.6 (1984)). However, the fact that the executing officer also had first-hand knowledge of the place to be searched should not, standing alone, be enough to excuse the unconstitutional search of a home using a warrant that describes a wholly separate location. Indeed, it cannot without reading the particularity requirement out of the Fourth Amendment, for under those circumstances, it would not matter what the warrant said -- if anything at all -- about the place to be searched.[3]

---

[3]In concluding that the admission of the evidence in <u>Curry</u> was not contrary to the purpose of the exclusionary rule, this Court adopted the reasoning of the First Circuit in <u>United States v. Bonner</u>, stating that "the responsibility for the inadvertent omission of the address on the warrant itself, must be borne by the [issuing official], as the final reviewing authority." <u>Curry</u>, 911 F.2d at 78 (quoting <u>United States v. Bonner</u>, 808 F.2d 864, 867 (1st Cir. 1986)). The majority reiterates this position today.

In the end, it is clear that Officer Harris did not rely on what was written on the face of the warrant when he directed the search of defendant's apartment. Therefore, I cannot conclude that Officer Harris acted in "objectively reasonable reliance on a subsequently invalidated warrant," see Leon, 468 U.S. at 922, particularly where, had he read the warrant at any time before knocking on the door at 3202 South 62nd Street, the warrant's defect would have been obvious to him. This case just does not seem to fit within the Leon "good faith" exception.[4] Accordingly, I dissent.

_____

The reasoning in Curry and Bonner does not precisely fit this case, however.

Bonner relied on the Supreme Court's opinion in Massachusetts v. Sheppard, 468 U.S. 981 (1984), in which the issuing judge told the applying officer that necessary changes to the warrant form would be made and then, in front of the officer, made changes to the warrant. Sheppard, 468 U.S. at 989. The Supreme Court concluded that the officer's actions were objectively reasonable, "refus[ing] to rule that an officer is required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possesses authorizes him to conduct the search he has requested." Id. at 989-990. Thus, the Supreme Court held that "[s]uppressing evidence because the judge failed to make all the necessary clerical corrections despite his assurances that such changes would be made will not serve the deterrent function that the exclusionary rule was designed to achieve." Id. at 990-91.

In this case, however, the incorrect address had been written on the warrant by Officer Harris at the time it was presented to the issuing judge. Harris had filled out the warrant using the defendant's old address and failed to update the warrant after learning that the defendant had moved. If the purpose of the exclusionary rule is to deter the errors of police officers, surely that purpose is served by excluding the evidence in this case.

[4]The execution of the warrant might fit within the Leon "good faith" exception had (1) Officer Harris given the warrant to a colleague for execution, (2) that officer gone to the address stated on the warrant, and (3) found drugs at that address. Under those facts, the executing officer -- who was not the officer who applied for the warrant -- could be said to have acted in "objectively reasonable reliance" on a facially valid warrant that later turned out to be unsupported by probable cause.

-10-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.