# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2948
_____

United States of America

*Plaintiff - Appellee*

v.

Joey Antwan Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 17, 2013
Filed: August 1, 2013
[Published]

_____

Before SHEPHERD, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Appellant Joey Smith of one count of possession of cocaine base with intent to distribute within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860, and one count of possession of firearms by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(g)(1). Before trial, Smith pleaded guilty to five counts of distribution of cocaine base, in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  On appeal, Smith claims that the search warrant was invalid because it stated an incorrect date.  Smith also claims that the district court[1] erred in denying his motion for judgment of acquittal.  We affirm.

I. Background

Starting in late 2010 and continuing into early 2011, Special Agent Ken Arduser conducted a series of controlled buys where he purchased crack cocaine from Smith.  Agents also conducted a "trash pull" at Smith's residence and discovered over 200 plastic baggies with the corners cut out.  Based on this information, agents applied for a search warrant for Smith's residence on January 25, 2011.  A magistrate judge approved the search warrant.  However, the magistrate judge incorrectly dated the search warrant January 24, 2011.  The magistrate judge correctly dated the application January 25, 2011.  The warrant documents were also date-stamped January 25, 2011.  Agents executed the search warrant on January 26, 2011, and discovered crack cocaine and other evidence of distribution.  Smith subsequently admitted to selling crack cocaine and made other incriminating statements during questioning after a valid Miranda waiver.

A grand jury indicted Smith with one count of distribution of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)[2]; five counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); one count of possession of cocaine base with intent to distribute within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851, and 860; and one count of possession of firearms by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(g)(1).  Smith filed a "Pro-se Motion to Dismiss"

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

[2]This count was dismissed before his trial.

requesting dismissal of the charges against him, arguing the search warrant was invalid due to the inconsistent dates. Smith's counsel subsequently filed a motion to suppress, putting forth the same argument. Smith also claimed agents executed the search warrant on January 24, 2011, and therefore the search warrant was not approved until after the search. The district court denied the motions. Smith then filed a motion for reconsideration and requested a hearing with the district court.

After a hearing, the district court denied the motion for reconsideration. The district court held that the error was a clerical error. The district court also determined that agents executed the search warrant on January 26, 2011, not on January 24, 2011, as Smith claimed. Further, the district court determined that the search warrant was valid under the good-faith exception to the warrant requirement established in United States v. Leon, 468 U.S. 897 (1984).

Before trial, Smith pleaded guilty to the five counts of distribution of cocaine base. Smith proceeded to trial on the counts of distribution of cocaine base within 1000 feet of a school and possession of firearms by a prohibited person. At the close of the evidence at trial, Smith moved for judgment of acquittal, which the district court denied. The jury subsequently convicted Smith on both counts. Smith now appeals the district court's denial of his motion to suppress[3] and the district court's denial of his motion for judgment of acquittal.

---

[3]Smith also filed a pretrial motion in limine, arguing that the evidence obtained as a result of the search warrant must be excluded because the search warrant was invalid; that motion was also denied. From Smith's brief, he appears to only challenge the denial of the motion to suppress. Because the standard of review for a motion to suppress is not deferential to the district court, the outcome of our decision is the same. See United States v. McCauley, 715 F.3d 1119, 1123 (8th Cir. 2013) (evidentiary rulings reviewed for an abuse of discretion)

II. Analysis

Smith makes two arguments on appeal as to why the district court erred in not granting his suppression motion. First, Smith argues that agents executed the search warrant on January 24, 2011—meaning that the search warrant was approved after the search had already taken place—and that therefore the search warrant lacked probable cause because the warrant was issued prior to the application. Alternatively, Smith argues that even if this Court determines the incorrect date is simply a clerical error, the search warrant is still invalid because the error was committed by the authorizing judge. "When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Anderson, 688 F.3d 339, 343 (8th Cir. 2012). "We will uphold the district court's denial of a motion to suppress if it had a substantial basis for concluding that probable cause existed." United States v. White, 356 F.3d 865, 868 (8th Cir. 2004).

Like the district court, we believe United States v. White, 356 F.3d 865 (8th Cir. 2004), is instructive. In White, the defendant claimed a search warrant was facially invalid because the warrant stated an incorrect date. Id. at 868. Officers presented the search warrant and affidavit to a state court judge on February 26, 2002. Id. at 867. However, the officer had incorrectly included the date February 13, 2002 on the warrant. Id. The judge did not notice the mistake and signed and dated the warrant on February 26, 2002. Id. Referring to the circumstances as a "technicality issue," this Court determined that "the inconsistency between the date on the warrant-application form and the date on the search warrant does not eliminate probable cause." Id. at 869.

Analyzing the facts of this case, we hold that the incorrect date is a "technicality issue" similar to the issue in White that does not invalidate the search warrant. Smith does not point to any evidence supporting his claim that agents

executed the search warrant on January 24, 2011—before the magistrate judge authorized the search warrant. We determine that the district court's factual finding that the magistrate judge authorized the warrant before its execution is not clearly erroneous. See Anderson, 688 F.3d at 343 (standard of review). Reviewing the circumstances of this case, the magistrate judge's clerical error does not defeat probable cause.

Smith argues that White is distinguishable because an officer made the error in White, while a judge made the error in the current case. However, the cases Smith relies on to support this argument are inapplicable because they analyze the ability of a district court to correct its own mistake in an order, judgment, or other parts of the record under Federal Rule of Criminal Procedure 36. See United States v. Daddino, 5 F.3d 262 (7th Cir. 1993); United States v. Seavey, 445 F. Supp. 2d 80 (D. Me. 2006). Both cases are irrelevant to the determination of whether a clerical error invalidates a search warrant.

Next, Smith argues the district court erred in denying his motion for judgment of acquittal. "We apply the same standard of review to the district court's ruling on a motion for judgment of acquittal as we do to a sufficiency of the evidence challenge." United States v. Clark, 668 F.3d 568, 573 (8th Cir. 2012) (internal quotation marks omitted). "We must affirm a jury verdict if, taking all facts in the light most favorable to the verdict, a reasonable juror could have found the defendant guilty of the charged conduct beyond a reasonable doubt." Id. (internal quotation marks omitted).

The district court did not err in denying Smith's motion for judgment of acquittal. Smith first argues that the district court improperly denied his motion for judgment of acquittal because the district court should have excluded the evidence discovered during the search of his residence. As we have rejected this claim, this argument is without merit. Further, Smith argues that the government failed to

establish that Smith lived at the residence where much of the evidence was discovered or that this evidence was connected to Smith in any way. However, the government introduced evidence to establish that Smith lived at the residence and also that the evidence discovered belonged to Smith. To ignore that evidence in favor of the evidence Smith presented to the contrary would require this Court to view the evidence in a light most favorable to Smith, which is improper. Id. at 573 (stating that the appellate court must "view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence" (internal quotation marks omitted)). Smith's confession, combined with the evidence discovered during the controlled buys, trash pull, and search of his residence, is sufficient evidence to support his convictions. Therefore, we reject this claim.

III. Conclusion

     For the foregoing reasons, we affirm.

_____