*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

DEANDRE TAIWAN HAYWOOD,

Defendant-Appellee.

UNPUBLISHED
September 26, 2019

No. 345243
Wayne Circuit Court
LC No. 18-003452-01-FH

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

PER CURIAM.

Following execution of a search warrant at a home in Detroit, police arrested and charged defendant, Deandre Taiwan Haywood, with possession with intent to deliver less than five kilograms of marijuana, MCL 333.7401(2)(d)(*iii*). Defendant filed a motion in the trial court seeking to quash the search warrant and suppress the evidence obtained from execution of the warrant. The trial court granted defendant's motion and dismissed the charge against defendant without prejudice. The prosecution appeals this order as of right. We reverse the trial court's order granting defendant's motion and dismissing the case, and remand to the trial court for further proceedings.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 15, 2018, and March 16, 2018, Detroit Police Officers Michael Bailey and Youssef Manna conducted surveillance at defendant's residence, where they observed multiple suspected narcotic transactions. Officer Bailey obtained information from the license plate of a vehicle parked outside the residence and learned that the vehicle's registered owner was Derrick Haywood. The officers obtained a photograph of Derrick and concluded that he resembled the person Officer Bailey observed participating in the suspected narcotic transactions.

On March 17, 2018, Officer Bailey drafted an affidavit and search warrant for the residence. The search warrant named Derrick as the seller to be searched, but also noted that narcotics sellers often change, and a different seller might be present during execution of the warrant. However, the date in the footer at the bottom of the search warrant and affidavit was "January 17, 2017," which was more than a year before the dates of the surveillance activity and the date that the warrant was actually drafted and signed. Officer Bailey testified at the hearing

on defendant's motion to quash that the January date was a typographical error. He explained, "I have a formatted page that has a footer at the bottom and during each search warrant I will edit that footer." He further explained that he forgot to edit the date in the footer of the documents at issue. After drafting the documents, Officer Bailey faxed a copy of them to the magistrate, who promptly signed and returned them to Officer Bailey. Stamped across the top of the returned copy was March 17, 2018, the date that Bailey drafted, and the magistrate signed, the warrant. The magistrate did not write the date next to her signature.

On March 17, 2018, the Detroit Police Department executed the search warrant at defendant's residence. Detroit Police Officer Ryan Jones recovered three large plastic bags and a blue box containing marijuana from the back room of the house. Inside two of the bags and the box were smaller plastic bags containing marijuana, which Officer Jones testified was consistent with the intent to sell and deliver marijuana. In the same room, Officer Mana also recovered proof that defendant resided in the home. Officers arrested defendant and took him into custody, and the prosecution charged him as indicated.

On July 2, 2018, defendant filed a motion to quash the search warrant and suppress the evidence seized pursuant to execution of the warrant. He argued that the affidavit and search warrant were defective because of the incorrect date in the footer of each document. Defendant further argued that, because the affidavit and search warrant identified Derrick Haywood as the seller to be searched, and Derrick was in federal prison at the time, Officer Bailey provided information in reckless disregard of the truth. After an evidentiary hearing, the trial court found that the search warrant was defective on its face because of the incorrect date in the footer. The court reasoned:

> The affidavit supports activity in March of 2018, the search warrant is dated January 17, 2017. And I was looking to see if maybe January 17, 2018, might have been the activity that's reported in the affidavit but that wasn't the case either. It didn't happen, the activity didn't happen until about three months later.

> We don't really know what happened but we do know that the search warrant is defective and I'll grant the defense's motion.

Accordingly, the court issued the order now appealed from, granting defendant's motion to quash the search warrant, and suppressing the evidence and dismissing the case.

## II. ANALYSIS

The prosecution argues that the trial court erred by granting defendant's motion to quash the search warrant and suppress the evidence, and by dismissing the case. We agree.

"This Court reviews a trial court's findings at a suppression hearing for clear error[,]" and its ultimate ruling on the motion to suppress de novo. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). This Court also reviews de novo the application of the exclusionary rule to a Fourth Amendment violation. *People v Jenkins*, 472 Mich 26, 31; 691 NW2d 759 (2005).

The Fourth Amendment of the United States Constitution provides, in relevant part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *People v Slaughter*, 489 Mich 302, 310-311; 803 NW2d 171 (2011), quoting US Const, Am IV. The Michigan Constitution provides the same protection as the Fourth Amendment of the United States Constitution. *Id*. at 310-311 (citation omitted). In reviewing a magistrate's decision, this Court must determine that the magistrate had a substantial basis for finding probable cause and must evaluate the search warrant and underlying affidavit using a realistic and commonsense approach. *People v Darwich*, 226 Mich App 635, 636-637; 575 NW2d 44 (1997). "Probable cause to issue a search warrant exists where this is a substantial basis for inferring a fair probability that contraband or evidence of a crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000).

The exclusionary rule generally bars the admission of evidence obtained by the execution of an unconstitutional search. See *People v Hawkins*, 468 Mich 488, 498-499; 668 NW2d 602 (2003). The primary purpose of the exclusionary rule is to deter " 'official misconduct by removing incentives to engage in unreasonable searches and seizures.' " *People v Hellstrom*, 264 Mich App 187, 194; 690 NW2d 293 (2004), quoting *People v Goldston*, 470 Mich 523, 529; 682 NW2d 479 (2004). Michigan, however, recognizes a good-faith exception to the exclusionary rule, which allows the admission of evidence obtained through a defective search warrant when the executing officer relied upon the validity of the warrant in objective good faith. *Goldston*, 470 Mich at 525-526, 540-541. Relying on federal precedent, Michigan's Supreme Court has reasoned, " 'suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated warrant' " produces " ' marginal or nonexistent benefits' " and " 'cannot justify the substantial costs of exclusion.' " *Goldston*, 470 Mich at 530, quoting *United States v Leon*, 468 US 897, 922; 104 S Ct 3405, 3420; 82 L Ed 2d 677 (1984). Nevertheless, the United States Supreme Court has recognized that if a warrant is so facially deficient—"i.e., in failing to particularize the place to be searched or the things to be seized"—that the executing officer could not reasonably presume it to be valid, the good-faith exception does not apply. *Id*. at 923; 104 S Ct at 3421.

The prosecution argues that the incorrect date on the search warrant and affidavit did not render the search warrant invalid. We agree. The prosecution relies, in part, on *People v Hampton*, 237 Mich App 143; 603 NW2d 270 (1999), in which the defendant challenged the validity of a search warrant based on a typographical error that resulted in a different description of the target premises than that provided by the affidavit. *Hampton*, 237 Mich App at 148-149. This Court upheld the validity of the search warrant because the supporting affidavit correctly described the target premises and the relevant information known by the executing officers eliminated the possibility that the officers would mistakenly search another premises. *Id*. at 151-154.

Similarly, the Second Circuit Court of Appeals has held that dating errors in an officer's affidavit and in the search warrant did not invalidate the warrant. *United States v Waker*, 534

F3d 168, 171-172 (CA 2, 2008).[1]  In *Waker*, an affidavit correctly dated April 25, 2005, indicated that the surveillance described in the affidavit took place on "April 26, 2005." *Id*. at 170.  In addition, "the magistrate judge specified [in the search warrant] an execution deadline of April 30, *2004*, a date that had passed a year earlier." *Id*.  Based in part on the typographical errors in these documents, the defendant moved to suppress the evidence seized on grounds that the search warrant was invalid. *Id*. at 169.  The federal district court denied the defendant's motion, and the federal appeals court affirmed, holding that "[t]he types of errors presented by the search warrant and supporting affidavit in this case do not invalidate the warrant[,]" and that " 'affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.' " *Id*., quoting *United States v Ventresca*, 380 US 102, 108; 85 S Ct 741, 745; 13 L Ed2d 684 (1965).  The Second Circuit affirmed its prior explanation that "when information within a search warrant permits the establishment of intended—but imperfectly scribed—dates, the document is not rendered deficient." *Id*., citing *Velardi v Walsh*, 40 F3d 569, 576 (CA 2, 1994).

Likewise, in *United States v White*, 356 F3d 865, 869 (CA 8, 2004), the Eighth Circuit Court of Appeals affirmed the denial of a motion to suppress evidence obtained by a search warrant that had an incorrect date that resulted from the affiant's use of a preprinted application form.  According to the Appeals Court, "[t]he warrant described the premises and items to be seized with particularity[,]" and the officer-affiant "testified that it was common practice for him to re-use application forms when applying for a search warrant." *White*, 356 F3d 869.  The Eight Circuit concluded that the inconsistency between the date on the warrant application form and the date on the search warrant does not eliminate probable cause[,]" noted that the federal district court found the officer-affiant's testimony credible, and concluded that execution of the search warrant was lawful. *Id*.

Applying these principles to the case at bar leaves us definitely and firmly convinced that the trial court clearly erred in determining that the incorrect date in the footer of the search warrant and supporting affidavit invalidated the search warrant. *Williams*, 472 Mich at 313.  Using this finding as the basis for its ultimate decision, the court then erred in granting defendant's motion to quash the warrant and to suppress the evidence obtained from execution of the warrant. *Id*.  We agree with the Second Circuit Court of Appeals that courts must "not test the validity of search warrants and their supporting affidavits in a vacuum[,]" but should interpret such documents in a commonsense manner.  See *Waker*, 534 F3d at 171.

The search warrant and affidavit in the present case contained information from which one could easily establish the correct date that the warrant was signed.  See *id*.  The affidavit stated that Officer Bailey conducted surveillance at defendant's residence on March 15, 2018, and March 16, 2018, and detailed the suspected narcotic transactions observed.  The affidavit and the search warrant bear time and date stamps indicating that Officer Bailey faxed the documents to the magistrate judge for her signature on March 17, 2018 at approximately 11:49 a.m.  The search warrant bears an additional date stamp of March 17, 2018, again indicating

---

[1] Although decisions of the federal courts of appeals are not binding, we may nevertheless find them persuasive. *Abela v General Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

when the magistrate signed the warrant. This objective evidence eliminated the possibility that the magistrate judge had signed the warrant more than a year before Officer Bailey conducted surveillance and received the necessary approvals for the warrant, and supported the officer's testimony that the incorrect date was merely a typographical error. See *id*. Because typographical errors do not generally invalidate search warrants and the correct date was ascertainable from the information within the documents, the trial court erred by finding that the warrant was invalid. *Id.*

Even if the search warrant had been invalid, the trial court erred nonetheless by applying the exclusionary rule to suppress the evidence obtained with the warrant. There is no evidence that Officer Bailey acted in bad faith, and the supporting affidavit was not " 'so lacking in indicia of probable cause' " that Officer Bailey could not "objectively believe that the warrant was supported by probable cause." *Hellstrom*, 264 Mich App at 199, quoting *Leon*, 468 US at 923; 104 S Ct at 3421 (quotation marks and citation omitted). The supporting affidavit listed the dates that Officer Bailey surveilled the target house and how long the surveillance lasted, and detailed the suspected narcotic transactions he observed, describing the vehicles, persons, and activities involved. There is no reason to believe, and defendant did not argue during his motion to suppress, that the facts alleged in the affidavit were false or that Bailey misled the magistrate with false information. *Leon*, 468 US at 923; 104 S Ct at 3421; *Hellstrom*, 264 Mich App at 199. Given Officer Bailey's experience with and knowledge of drug transactions, it was entirely reasonable for him to believe that he would find "contraband or evidence of a crime" at the surveilled location and, thus, to rely upon the validity of the search warrant and the magistrate's determination of probable cause. *Kazmierczak*, 461 Mich at 417; *Goldston*, 470 Mich at 526.

Further, the search warrant was not so facially deficient that Officer Bailey could not reasonably presume it to be valid. *Leon*, 468 US at 923; 104 S Ct at 3421. The warrant lists the location to be searched and the items to be seized with particularity. *Id*. It is true, as defendant argued in the trial court, that the warrant incorrectly names the suspected seller as "Derrick Haywood." However, Officer Bailey's error in naming the suspected seller in the search warrant was irrelevant to the magistrate's finding that the affidavit, which did not name Derrick as the suspected seller, established probable cause sufficient to support issuance of the search warrant. In addition, given his efforts to identify the suspected seller and the result he obtained from those efforts, it seems unlikely that Officer Bailey would have viewed the warrant as so facially deficient that he could not reasonably presume it to be valid. *Leon*, 468 US 897, 923; 104 S Ct at 3421. Because the search warrant was supported by probable cause and not so facially deficient that the executing officers could not have reasonably relied on its validity, even if the warrant had been invalid, the good-faith exception to the exclusionary rule would have applied to allow admittance of the evidence seized pursuant to the warrant.

Reversed and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Anica Letica