UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 02-4174

PHU VAN HO,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CR-01-362)

Submitted: October 30, 2002

Decided: November 12, 2002

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Matthew Wartel, BYNUM & JENKINS ATTORNEYS AT LAW, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Kevin DiGregory, Assistant United States Attorney, Thomas Swiers, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Phu Van Ho challenges his conviction and thirty-five month sentence for possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (2000). On appeal, Ho asserts the district court abused its discretion by: (1) denying his motion to suppress; (2) allowing a jury instruction on reasonable doubt; (3) refusing to question the jury panel on their views concerning firearms during voir dire; and (4) admitting evidence of uncharged drug possession under Fed. R. Evid. R. 404(b). Finding no reversible error, we affirm.

Ho first asserts the district court abused its discretion in denying his motion to suppress statements he made claiming ownership of the gun at the police station after previously invoking his right to remain silent at the scene of his arrest. This court reviews a district court's factual findings underlying denial of a motion to suppress for clear error, while reviewing de novo whether the statements violated the dictates of *Miranda*. *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997) (en banc). We find the district court did not err in finding that Ho voluntarily admitted the gun was his, and thereby, Ho's statements were not the product of an improper interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 300 (1980) ("police surely cannot be held accountable for the unforeseeable results of their words or actions"). Therefore, the district court did not err in denying Ho's motion to suppress.

Next, Ho argues the district court's jury instruction on reasonable doubt impermissibly reduced the Government's burden of proof. A district court's decision whether to give a jury instruction, and the content of that instruction, is reviewed for abuse of discretion. *United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996). Jury instructions are not evaluated in isolated segments, but are considered as a whole. *United States v. Cropp*, 127 F.3d 354, 360 (4th Cir. 1997); *see also*

*Estelle v. McGuire*, 502 U.S. 62, 72 (1991) ("It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record.") (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). After considering the language of the entire jury instruction on the Government's burden of proof and the reasonable doubt standard, we find the district court did not abuse its discretion in giving the challenged instruction.

Ho's third argument is that the district court's refusal to question the jury panel concerning their views on firearms during voir dire violated his right to a fair and impartial jury panel. Voir dire must be "sufficient to impanel an impartial jury." *United States v. LaRouche*, 896 F.2d 815, 830 (4th Cir. 1990). This court allows the district court broad discretion in conducting voir dire (*see United States v. Lancaster*, 96 F.3d 734, 739 (4th Cir. 1996) (en banc)), and will only find that a district court has abused its discretion if the voir dire does not provide a reasonable assurance that prejudice would be discovered if present. *Id.* at 740. Based upon the inquiries made during voir dire, we find the district court did not abuse its discretion by failing to question the jury panel concerning their views on firearms.

Finally, Ho argues the district court erred by admitting evidence of crack cocaine found in the squad cars that transported Ho and his companions to the detention center because the evidence was inadmissible under Fed. R. Evid. R. 404(b). This court reviews a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). Because the evidence of crack cocaine was both relevant and probative as to Ho's motive and intent for carrying the firearm, we find the district court did not abuse its discretion in admitting the evidence. *See United States v. Ford*, 88 F.3d 1350, 1362 (4th Cir. 1996).

Accordingly, we affirm Ho's conviction and sentence. We dispense with oral argument because the facts and legal contentions are ade-

quately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*