**UNITED STATES of America, Plaintiff,**

v.

**ROY SPINKS, Defendant.**

No. C4–04–29.

United States District Court, D. North Dakota, Northwestern Division.

Sept. 28, 2004.

James G. Wolff, Mohall, ND, for defendant.

Keith W. Reisenauer, Fargo, ND, for plaintiff.

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE Re: EVIDENCE OF NARCOTICS USE AND TRANSACTIONS**

HOVLAND, Chief Judge.

Before the Court is defendant Roy Spinks' Motion in Limine filed on September 23, 2004. Spinks seeks to exclude evidence from trial regarding the alleged possession or use of marijuana in a guns-for-drugs transaction. Specifically, the Defendant contends that the evidence is inadmissible citing Rules 401, 403, and

404(b) of the Federal Rules of Evidence. The Defendant has been charged with possession of a firearm with an altered or obliterated serial number in violation of 18 U.S.C. §§ 922(k); 924(a)(1)(B); and 2. Spinks has entered a not guilty plea to the charge.

In the present case, the Government seeks to introduce evidence that an individual known as Robert "Bull" Norquay purchased a firearm from Spinks in exchange for two ounces of marijuana. Spinks denies that allegation and claims that he sold the gun to Norquay for $125 cash. The Government will also seek to introduce evidence, through testimony from ATF Agent Lowell Erickson, regarding prior drug transactions between Norquay and Spinks. The Defendant has requested that the Court exclude this evidence from trial.[1]

It is well-established that Rule 404(b) is a "rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition." *United States v. Simon*, 767 F.2d 524, 526 (8th Cir.1985) (citing *United States v. DeLuna*, 763 F.2d 897, 912 (8th Cir.1985)) (internal quotations omitted). Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

"A trial judge acts within his sound discretion in admitting evidence of prior criminal or wrongful acts when: '(1) the evidence is relevant to an issue in question other than the defendant's character; (2) clear and convincing evidence exists that the defendant committed the prior wrongful acts; and (3) the potential unfair prejudice of the evidence does not substantially outweigh its probative value.'" *U.S. v. Simon*, 767 F.2d 524, 526 (8th Cir.1985). Because the test for admission under Rule 404(b) includes the factors of relevance and prejudice, the Court finds it unnecessary to engage in a separate discussion of the possibility of admission under Rule 401 and 403.

The Government contends that the evidence in question is probative of Spinks' knowledge, absence of mistake, opportunity, and intent, and therefore admissible under Rule 404(b). In support of its position, the Government cites to the recent Eighth Circuit case of *United States v. White*, 356 F.3d 865, 870 (8th Cir.2004). In *White*, the Eighth Circuit affirmed a district court's decision to admit drug-related evidence in a jury trial where defendant was charged with being a felon in possession of a firearm. The Eighth Circuit stated it "recognizes the known correlation between drug dealing and weapons, and accepts that they are closely and integrally related to the issue of possession of a firearm." 356 F.3d 865, 870. In a similar circumstance, the Eighth Cir-

---

[1]. The Defendant also asked the Court to exclude a statement by Bottineau County Sheriff Steve Watson referring to Spinks as a person who "uses a lot of Meth." However, the Government has informed the Court that it will not introduce that statement. Therefore, the Court will not address this evidence.

cuit affirmed a district court's decision to admit evidence of drug paraphernalia in a possession of an unregistered firearm case. *United States v. Fuller*, 887 F.2d 144, 147 (8th Cir.1989). The Eighth Circuit opined that "Firearms are known tools of the trade of narcotics dealing." *Id.* The Court also finds persuasive a recent case from the Fourth Circuit. In *United States v. Ho.*, No. 02–4174, 50 Fed.Appx. 622 (4th Cir.2002), the Fourth Circuit held that evidence of the possession of drugs was relevant and probative of a defendant's motive and intent for possession a firearm. *Id.* at 623. Spinks places emphasis on the fact he is willing to admit that he possessed the firearm in question. He attempts to distinguish the above cases by asserting that since the issue of possession is not contested, evidence that he allegedly received marijuana for the firearm is not relevant. The Court disagrees.

The Court finds that the jury is entitled to hear the entire factual scenario surrounding Spinks' sale of the firearm to a person (Norquay) he allegedly knew was involved in the sale or distribution of controlled substances. The Court finds the potential testimony from Norquay detailing the transaction in which he obtained the firearm at issue, and of prior transactions with Spinks, is relevant to show Spinks' knowledge, absence of mistake, opportunity and intent regarding the condition of the firearm in question. The Court also finds the proffered testimony of Norquay and Agent Erickson is clear and convincing evidence that Spinks exchanged the firearm for marijuana and that Spinks and Norquay had engaged in other drug transactions. Finally, the Court finds that the potential unfair prejudice of the evidence does not substantially outweigh its probative value. As a result, the Court finds that Rule 404(b) does not prohibit the admission of such evidence.

Finally, the Court finds that testimony the firearm in question was traded for a controlled substance creates a situation where the evidence of a prior bad act and the evidence of the crime charged are "inextricably intertwined." In such circumstances, Rule 404(b) does not apply. *United States v. DeLuna*, 763 F.2d 897, 913 (8th Cir.1985).

The Court DENIES the Defendant's Motion in Limine Re: Evidence of Narcotics Use and Transactions. (Docket No. 21).

**IT IS SO ORDERED.**