NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2776
_____

UNITED STATES OF AMERICA

v.

WILLIAM PERRY BAGLEY,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-14-cr-00098-001)
District Judge: Honorable Gustave Diamond

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 20, 2017

Before: FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: January 30, 2017)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

    William Bagley appeals his judgment of conviction for counterfeiting Federal

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Reserve notes, claiming that evidence admitted against him was obtained pursuant to a defective search warrant. Because we conclude that the warrant was not defective, we will affirm.

I

In May 2013, the United States Secret Service began an investigation into the passing of counterfeit $100 Federal Reserve notes in Pennsylvania. After a confidential informant and two cooperating suspects implicated Bagley in the scheme, Magistrate Judge Eddy issued a search warrant for the apartment he occupied with Sherita Howard. The subsequent search of Howard's apartment turned up evidence of counterfeiting, including counterfeit bus passes and associated printing equipment. Bagley was indicted for counterfeiting and conspiracy to counterfeit and pass fraudulent Federal Reserve notes, in violation of 18 U.S.C. § 371, §§ 471–72.

Prior to trial, Bagley moved to suppress the evidence seized from the apartment, arguing the warrant did not particularly describe the place to be searched. The warrant referenced an "Apt #2" on the "second floor," but the apartment searched was actually on the third floor. Bagley Supp. App. 115; Gov't Supp. App. 44. Accordingly, Bagley contended that his apartment was number 3, not 2. The District Court disagreed and denied the motion to suppress, finding that the warrant described the apartment with sufficient particularity. Alternatively, the Court held that the good faith exception applied to deny suppression of the evidence.

After his motion to suppress was denied, Bagley entered a conditional plea of guilty on the counterfeiting and conspiracy charges, preserving the suppression issue. The District Court sentenced Bagley to 41 months' imprisonment on each charge, to be served concurrently, along with $14,300 in restitution and assessment fees. Bagley timely appealed on the suppression issue alone.

## II[1]

The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Bagley asserts that the warrant did not describe his apartment with sufficient particularity because it misstated the number and floor of his residence. We disagree.

Regarding the residence number, the District Court found that the apartment under investigation was Apartment #2, not #3 as Bagley contends. The District Court's finding was supported by both information on Howard's driver's license and uncontroverted testimony from Special Agent Mark Kernan that there are only two mailboxes outside the relevant address. Bagley provided no contrary evidence, so the District Court's conclusion was not clearly erroneous. *See United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Regarding the floor, Bagley argues that the phrase "second floor" in the warrant was inaccurate in referencing a third-story apartment. App. 71. But the warrant also refers to the deli in the three-story building as being on the "ground floor," not the first floor. *Id.* Accordingly, investigating agents could have readily inferred that the second floor corresponded to the third story.[2] These circumstances are unlike those found in the cases cited by Bagley where the warrant described a residence other than the one searched. *See, e.g.*, *United States v. Bershchansky*, 958 F. Supp. 2d 354, 381 (E.D.N.Y. 2013) (warrant naming Apartment #2 used to search an Apartment #1), *aff'd* 788 F.3d 102 (2d Cir. 2015); *United States v. Trainor*, 979 F. Supp. 933, 935 (D. Mass. 1997) (warrant naming street number 136 used to search number 138).

In addition, we agree with the District Court that even if the warrant were deficient, the good faith exception to the exclusionary rule would apply. "[T]he purpose of the exclusionary rule—to deter police misconduct—[is not] furthered by suppressing evidence . . . 'when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope.'" *United States v. Tracey*, 597 F.3d 140, 150 (3d Cir. 2010) (quoting *United States v. Leon*, 468 U.S. 897, 919–20

---

[2] The warrant was also executed by Agent Kernan, who knew from prior surveillance that the relevant apartment was on the top floor. It was therefore unlikely that any ambiguity in the warrant description would have confused officers. *See United States v. Clement*, 747 F.2d 460, 461 (8th Cir. 1984) (declining to invalidate search based on partial error in warrant's description of residence where officers' familiarity with residence ensured "no probability of a mistaken search").

(1984)). Although we will not apply the good faith exception when a warrant is "so facially deficient that it failed to particularize the place to be searched," *Tracey*, 597 F.3d at 151, any ambiguity in this warrant does not rise to that level.

*      *      *

We will affirm the District Court's judgment for the reasons stated.