# IN THE COURT OF APPEALS OF IOWA

No. 20-0516
Filed February 17, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**STEVEN COREY PALMATEER,**
　　Defendant-Appellant.

_____

　　Appeal from the Iowa District Court for Hardin County, Andrea Miller (search warrant), Magistrate, and Steven J. Oeth (motion to suppress), Judge.

　　Steven Palmateer appeals his criminal conviction, challenging the denial of his motion to suppress. **AFFIRMED.**

　　Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Steven Palmateer appeals his drug conviction. He argues the district court erred in overruling his motion to suppress evidence gathered pursuant to a search warrant that allegedly "fail[ed] to state the place to be searched with particularity and fail[ed] to provide information supporting the reliability of the confidential informant."

## I.      Background Facts and Proceedings

In October 2019, Officer Calen Holman of the Ackley Police Department prepared an application for a search warrant. The application identified the places to be searched as follows: "Addresses 519 4th avenue Ackley, IA and 704 7th avenue Ackley, IA" and a storage unit at a specific location. In support of the application, Holman explained he was approached by a confidential informant within the last forty-eight hours. The informant advised Palmateer was distributing illegal drugs; named eight of Palmateer's accomplices; and specified where implements of the distribution operation were stored, including "704 7th ave in Ackley," a storage unit, and "519 4th ave in Ackley." The informant also advised of Palmateer's trafficking structure and how he typically conducts business. Holman explained he "corroborated many pieces of the [informant's] information by reviewing several electronic communications between Steve Palmateer [and his accomplices] found on [a specific accomplice's] cell phone as a result of a recent search warrant." Holman detailed why the communications were indicative of drug trafficking. In conclusion, the application "request[ed] a search warrant for 403 4th avenue Ackley, IA and 704 7th avenue Ackley, IA," as well as the storage unit and certain motor vehicles. Included with the application were property

records from the county assessor's office relative to 519 4th Avenue and 704 7th Avenue. The search warrant ultimately signed by a magistrate authorized a search of "Addresses 403 4th avenue Ackley, IA and 704 7th avenue Ackley, IA," in addition to the storage unit and vehicles.

Prior to the execution of the search warrant, Holman noticed the search warrant bore an incorrect address, 403 4th Avenue, which was supposed to be 519 4th Avenue. Holman contacted the magistrate by phone, who advised him to cross the incorrect address out and replace it with the correct address. The magistrate testified at the suppression hearing she questioned Holman whether the warrant application and materials showed that the correct address was the one officers intended to search, Holman responded in the affirmative, and the magistrate directed: "Okay if it's one spot and it's a matter of one number, go ahead and strike it. Write on there 'per magistrate.'"[1] Holman crossed out "403" and handwrote "519 Per Magistrate."

Following execution of the search warrant, Palmateer was criminally charged in relation to items found at 519 4th Avenue. Palmateer filed a motion to suppress the evidence obtained pursuant to the search warrant, in which he argued the warrant was not supported by probable cause because it was improperly amended to identify a different address and the allegations of a confidential informant were not sufficiently corroborated. Following hearing, the court denied the motion. As to the confidential informant, the court noted the "informant provided multiple names of people involved in the drug trafficking

---

[1] The direction and writing also specified the magistrate by name.

operation and also provided specific locations where the drugs were being kept," and Holman "corroborated the informant's information by viewing cell phone contents" that "confirmed the drug trafficking activity." The court concluded amending the warrant did not render it invalid because the "application listed incriminating information relative to 519 4th in multiple spots," the information provided probable cause to search that location, and the magistrate authorized Holman to make the amendment.

Following a bench trial on the minutes of evidence, Palmateer was found guilty of possession of more than five grams of methamphetamine with intent to manufacture or deliver. Palmateer appealed following the imposition of sentence.

## II.    Standard of Review

We review a challenge to a search warrant for an alleged lack of probable cause de novo, based on the totality of the circumstances. *See State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). "[W]e do not make an independent determination of probable cause," we merely decide "whether the issuing judge had a substantial basis for concluding probable cause existed." *Id.* (quoting *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997)). "[W]e draw all reasonable inferences to support the judge's finding of probable cause and give great deference to the judge's finding"—"[c]lose cases are decided in favor of upholding the validity of the warrant." *Id.* (first alteration in original) (quoting *Gogg*, 561 N.W.2d at 364).

## III.    Analysis

The United States and Iowa Constitutions protect against unreasonable searches and direct that no warrants shall issue without probable cause. U.S. Const. amend. IV; Iowa Const. art. I, § 8; *see McNeal*, 867 N.W.2d at 99. The test

to determine whether there is probable cause to issue a search warrant is as follows:

> [W]hether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there. Probable cause to search requires a probability determination that (1) the items sought are connected to criminal activity and (2) the items sought will be found in the place to be searched.

*McNeal*, 867 N.W.2d at 99 (internal quotation marks omitted) (quoting *Gogg*, 561 N.W.2d at 363). We interpret warrant applications "in a common sense, rather than a hypertechnical manner." *See id.* at 100 (quoting *State v. Shanahan*, 712 N.W.2d 121, 132 (Iowa 2006)).

First, Palmateer argues the search-warrant application materials were insufficient to support a finding of probable cause because "[t]he 'place to be searched' as described in the warrant was not described with particularity . . . and the alteration of the warrant exacerbates this defect." Palmateer hones in on the application's conclusory request for a search warrant for 403 4th Avenue and the pre-alteration authorization of a search at the same address in the search warrant, as opposed to a request and authorization for a search at the location where the illegal contraband was located, 519 4th Avenue. Iowa Code section 808.3(1) (2019) provides a person may submit an application for a search warrant

> which includes facts, information, and circumstances tending to establish sufficient grounds for granting the application, and probable cause for believing that the grounds exist. The application shall proscribe the person, place, or thing to be searched and the property to be seized with sufficient specificity to enable an independent reasonable person with reasonable effort to ascertain and identify the person, place, or thing.

In support of his position, Palmateer cites *United States v. Clement* as the applicable test, where the Eighth Circuit Court of Appeals questioned, "whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise[s] might mistakenly be searched." 747 F.2d 460, 461 (8th Cir. 1984) (quoting *United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir. 1979), *cert. denied*, 444 U.S. 871 (1979)). *Clement* involved a search warrant authorizing a search of apartment number four at a specific address, but officers searched apartment number three at the same address. *Id.* Because the executing officers knew the apartment to be searched was number three, as opposed to apartment four as stated in the warrant, the court found "no probability of a mistaken search" and concluded the inaccurate address in the warrant did not invalidate the search. *Id.* While *Clement* is somewhat distinguishable, the same holds true here. All of the supporting documentation disclosed the officers intended to search 519 4th Avenue, and said documentation provided probable cause to search that location. While the conclusory request of the application requested authorization to search 403 4th Avenue and the ensuing pre-altered search warrant authorized a search at that address, given Holman's familiarity with the investigation and the places he intended to search, we find "no probability of a mistaken search." *See id.* In fact, Holman caught the error before execution, and the magistrate authorized Holman to alter the warrant to allow a

search of 519 4th Avenue, as was originally intended.[2]  At the end of the day, the application described the place to be searched with sufficient specificity to enable ascertainment of the place to be searched, 519 4th Avenue, and the ultimate warrant that was executed authorized a search of that location.  *See Steele v. United States*, 267 U.S. 498, 403 (1925) ("It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended.").  We affirm the district court's denial of Palmateer's motion to suppress on this point.

Next, Palmateer argues "[t]he warrant did not contain sufficient indicia of reliability regarding the confidential informant, nor was sufficient corroboration provided to support the informant's allegations."  Generally, Palmateer argues Holman was required to disclose every conceivable detail supporting the informant's reliability and attach every piece of evidence supporting the same and the information provided.  "[I]f the grounds for issuance are supplied by an informant" then "[t]he application or sworn testimony supplied in support of the application must establish the credibility of the informant or the credibility of the information given by the informant."  Iowa Code § 808.3(2).  Here, the informant reported a drug trafficking operation among Palmateer and eight of his accomplices, all of whom were identified by name.  The informant also provided locations where the operation was being conducted and where contraband relative thereto was located, including 519 4th Avenue, as well as how the group

---

[2] Palmateer makes no claim that the amendment to the warrant was illegal or otherwise inappropriate.  We deem any such argument waived.  *See* Iowa R. App. P. 6.903(2)(g)(3).

conducted business. Holman verified his training and experience in narcotics investigation and enforcement. And Holman reviewed electronic communications between Palmateer and several of his accomplices that were found on one of the accomplice's cell phones, which was obtained as a result of a recent search warrant. Those communications were indicative of an ongoing drug trafficking ring and matched information provided by the informant. Holman applied for a search warrant within forty-eight hours of receiving the information. Upon our de novo review, we find the warrant application and attachments sufficiently demonstrated the reliability of the confidential informant and the reliability of the information provided was sufficiently corroborated. We affirm the district court on this point as well.

Finding no cause for reversal on the issues presented for our review, we affirm Palmateer's conviction.

**AFFIRMED.**